IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell L. Mallard, #17520-171, | ) |
| | ) CIVIL ACTION NO. 2:11-0492-PMD-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Alan Ali, U. S. Marshal; Sgt. James E. Roberts, North Charleston Police Department; and Officer Jonathan L. Burnem, North Charleston Police Department, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action has been filed by the Plaintiff, pro se, pursuant to pursuant to 42 U.S.C. § 1983 and related statutes.[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges that the named Defendants used excessive force against him during his arrest in violation of his constitutional rights.

[1] One of the named Defendants is a U. S. Marshall, while the other two Defendants are officers of the North Charleston Police Department. To the extent Plaintiff is asserting his claim against a federal official, his claim is considered under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Nonetheless, Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



The Defendants Roberts and Burnem filed a motion to dismiss pursuant to Rule 12 Fed.R.Civ.P., on May 19, 2011. The Defendant Ali also filed a Rule 12 Motion to Dismiss on May 20, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 24, 2011, advising Plaintiff of the importance of these dispositive motions and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case.

Plaintiff filed a motion for an extension of time to file a response on June 29, 2011, following which the Court granted him an extension to July 30, 2011 to file his response. However, notwithstanding the warning as set forth in the Court's Roseboro order and the granting of an extension of time to respond, Plaintiff failed to file any response to the Defendants' motions, which are now before the Court for disposition.[2]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Plaintiff alleges in his Complaint that on January 26, 2009 the Defendant officers came to a friend's residence to arrest him. Plaintiff alleges that:

> [i]n the process of executing this arrest they fired over twenty (20) rounds from their

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.





> weapons and shot me approximately ten (10) times. In doing so they used excessive force beyond that allowed in their duty as law enforcement officers. Their excessive force resulted in the loss of my finger and in my continued daily and psychological pain and suffering. They shot me in my neck, chest, back, and I still have a bullet lodged in my body. Their excessive force violated my civil rights . . . . The charge that they came to arrest me for was later dropped because I am innocent of the offense charged.

See generally, Complaint.

In their motions, the Defendants ask the Court to take judicial notice of the unpublished decision in United States v. Mallard, No. 10-4858 (4th Cir. May 4, 2011), wherein the Fourth Circuit denied Plaintiff's criminal appeal, and affirming Plaintiff's sentence to a twenty (20) year maximum on a charge of attempting to kill a federal officer and two counts of attempting to kill a person assisting a federal officer under 18 U.S.C. § 1114(3), as well as a one hundred twenty (120) month sentence for possession of a firearm during a crime of violence. Defendants note that Plaintiff pled guilty to each of these counts pursuant to a written plea agreement. The transcript from Plaintiff's guilty plea reflects that on the date in question, the Defendants knocked on the door of the residence and announced that they were law enforcement, and that upon entering the residence and encountering Plaintiff in a bathroom, Plaintiff began firing a pistol at the Defendants, in the process striking the Defendant Ali. A crime scene investigation of the scene following the incident determined that Plaintiff shot at the Defendants six times from his pistol, with the Defendants returning fire, hitting Plaintiff and disabling him. See United States v. Mallard, No. 2:09-461(D.S.C. Sept. 15, 2010), at Docket Number 81. See also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; Seidel v. Byron, 405 B.R. 277, 285 (N.D.Ill. 2009)[Considering court records on motion to dismiss]; Leclercq v. Lockformer Co., No.00-7164, 2002 WL 31269491 at * 2 (N.D.Ill. Oct. 9,





2002)[A court may consider on a Rule 12(b)(6) motion to dismiss "those matters of which the court may take judicial notice."] (quoting Gomez v. Ill. State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987)).

In light of the arguments presented, the Court records reviewed, and the fact that Plaintiff has failed to even respond to the Defendants motions, the undersigned finds and concludes that the Defendants are entitled to dismissal of this case. The record before the Court shows that Plaintiff was both charged with and convicted of attempting to kill a federal officer and attempting to kill persons assisting a federal officer as a result of this incident. None of these convictions have been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), a claim for damages that would call a conviction or sentence into question that has not already been invalidated is not cognizable under § 1983 or Bivens where a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.

While it is possible for an excessive force claim to proceed without necessarily implying that an underlying criminal conviction arising out of the claimant's arrest was wrongful; cf. Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005)(en banc); Brooks v. City of Winston-Salem, 85 F.3d 178, 182-183 (4th Cir. 1996); based on the particular facts of this case, if Plaintiff were to be successful on his excessive force claim, it would necessarily imply the invalidity of his convictions for attempting to kill a federal officer and attempting to kill persons assisting a federal officer, as it is clear in the record that the actions of the officers were taken in response to direct conduct and actions of the Plaintiff. Indeed, the record reflects that Plaintiff shot numerous rounds at the officers from a pistol in an attempt to avoid arrest, and was only subdued by the officers as a





result of the return fire, which forms the basis of his complaint in this lawsuit. Hence, this was not a situation like was present in Wells v. Kramer, No. 04-11703, 158 Fed. Appx. 203 (11th Cir. Nov. 30, 2005), where the court found that the Plaintiff's claim was not barred by Heck because the claim was that excessive force was used *after* Plaintiff had been "arrested, restrained and posed no threat to the Defendant officers . . . ." In the case at bar, the struggle between Plaintiff and the Defendants continued throughout his arrest, and gave rise to both Plaintiff's convictions and his excessive force claim. Therefore, "the two are inextricably intertwined." Cf. Coming v. City of Akron, 418 F.3d 676, 682 (6th Cir. 2005) ["[S]uccess on [Plaintiff's] excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between [Plaintiff] and the officers gave rise to both [Plaintiff's] assault conviction and the excessive force claim, and the two are inextricably intertwined."]; Hudson v. Hughes, 98 F.3d 868, 872-873 (5th Cir. 1996).[3] See Heck, 512 U.S. at 486-487, & n. 6 [Heck bars claim if a successful prosecution of the excessive force claim by the Plaintiff would necessarily imply that his criminal conviction was wrongful.].

Additionally, even if the Court were to find that Plaintiff's excessive force claim is not barred by Heck and addresses this claim on the merits, the undersigned finds and concludes for the reasons set forth hereinbelow that it is still subject to dismissal. The excessive force claim in this case is analyzed under the Fourth Amendment, which governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person. Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)); Wilson v. Flynn, 429 F.3d

[3] With respect to the holding in Hudson, 98 F.3d at 872-873; cf. State v. Williams, 624 S.E.2d 443, 446 (S.C. 2006).





465, 467 (4th Cir. 2005)).[4] Under the Fourth Amendment, claims of excessive use of force during an investigatory stop or arrest are considered under an "objective reasonableness" standard. This test requires "balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985); Sweatt v. State of Maryland, No. 89-3231, 1989 WL 126582 at **1 (4th Cir. 1989); White v. Town of Chapel Hill, 899 F.Supp. 1428, 1435 (M.D.N.C. 1995), aff'd 70 F.3d 1264 (4th Cir. 1995). When considering a police officer's actions under this "objective reasonableness" standard, the Court must consider the circumstances of the particular case, including the severity of the crime committed, whether the subject posed an immediate threat to the safety of the police officers or others, and whether the subject was actively resisting arrest or attempting to evade arrest. Graham, 490 U.S. at 396; see Foote v. Dunagan, 33 F.3d 445, 447-448 (4th Cir. 1994); Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988). What is objectively reasonable depends on what conditions exist at the time the alleged excessive force is used, recognizing that police officers are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving. Graham v. Connor, 490 U.S. at 396; see Greenidge v. Ruffin, 927 F.2d 789 (4th Cir. 1991).

Here, the record and arguments before the Court do not show that the actions taken by the Defendants were objectively unreasonable. To the contrary, the record clearly shows that at

---

[4]Once an arrest has been effected, any excessive force claims are analyzed under the Fourteenth Amendment, which protects a pretrial detainee from the use of excessive force that amounts to punishment. Graham, 490 U.S. at 395, n. 10. See also Riley, 115 F.3d at 1164 [In the Fourth Circuit, "the Fourth Amendment does not embrace a theory of 'continuing seizure' and does not extend to the alleged mistreatment of arrestees or pretrial detainees [once] in custody"].





the time of his arrest, Plaintiff actively resisted being taken into custody and was firing a weapon at the Defendants, necessitating them to return fire, thereby injuring the Plaintiff. Hence, even drawing all reasonable factual inferences in favor of the Plaintiff, Plaintiff has failed to set forth sufficient facts to state a plausible claim that the amount of force used in this case was excessive.

**Conclusion**

Based on the forgoing, it is recommended that the Defendants' motions be **granted,** and that this case be **dismissed**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

August 3, 2011
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



